IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CR-00292-RJC-DSC

| | |
|---|---|
| USA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LAURENCE SESSUM (2) ) | |
| ) | |

**THIS MATTER** is before the Court upon the defendant's third attempt to avoid self-reporting to his designated Bureau of Prisons facility for service of his sentence.[1] (Doc. No. 151). The government, which had agreed to the two previous extensions based on medical treatment, opposes the instant motion to remain on bond pending appeal pursuant to 18 U.S.C. § 3143(b). (Id. at 2).

To remain released pending appeal, a defendant must show that he is not likely to flee or pose a danger to the safety of any other person or the community, that the appeal is not for the purpose of delay, and that the appeal raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence without imprisonment, or a sentence reduced below the time necessary for an appeal. 18 U.S.C. § 3143(b)(1)(A), (B). Appellate counsel expects to claim that the evidence was insufficient to sustain the defendant's convictions, that indictment was subject to dismissal for failure to allege a crime, that the Court constructively

---

[1] The Court granted requests to delay reporting until March 30, 2020, and again until May 14, 2020. (Doc. Nos. 132, 150: Orders).

amended the indictment by answering the jury's questions, and that the sentence was procedurally and substantively unreasonable. (Doc. No. 151 at 5).

Trial counsel raised these same issues prior to, during, and following the trial. (Doc. No. 61: Motion to Dismiss; Doc. No. 72: Motion for Acquittal or New Trial; Doc. No. 129: Trial Tr. at 207; Doc. No. 130: Trial Tr. at 7). The Court considered each legal and factual issue and found them to be without merit. (Doc. No. 88: Order; Doc. No. 128: Trial Tr. at 8-9; Doc. No. 129: Trial Tr. at 207; Doc. No. 130: Trial Tr. at 10-12). The Court varied well below the advisory guideline range of 210-262 months to impose a sentence of 135 months' imprisonment. (Doc. No. 109: Judgment at 2; Doc. No. 131: Sentencing Tr. at 12, 28-33). Thus, the Court finds that the defendant has failed to show the appeal raises a substantial question of law or fact. See United States v. Steinhorn, 927 F.2d 195, 196 (4th Cir. 1991) (a substantial question of law as one that is "close" or "very well could be decided the other way").

Finally, the defendant requests a stay of the execution of his sentence based on the coronavirus pandemic. (Doc. No. 151 at 6-8). However, he has not provided current medical information to establish that he is in the "high-risk category." He has also not shown that the particular Bureau of Prisons facility to which he has been designated is unable to deal with the COVID-19 situation and the defendant's medical condition. Considering his delayed report date is not until May 14, 2020, the Court finds that the defendant has not established a sufficient basis to stay the execution of his sentence.

2

**IT IS, THEREFORE, ORDERED** that the defendant's motion (Doc. No. 151) is **DENIED** and that he shall report for service of his sentence as notified by the United States Marshal. Until then, he shall remain under the previously ordered bond conditions. (Doc. No. 12: Order Setting Conditions of Release).

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the United States Attorney, the United States Probation Office, and the United States Marshals Service.

Signed: April 15, 2020

Robert J. Conrad, Jr.
United States District Judge